# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**

v.      4:18-CR-00674-02-JM

4:22-CV-01028-JM

**KRISTOPHER BARNARD MITCHELL**

## ORDER

Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 103) is DENIED.

### I.   BACKGROUND

Defendant pleaded guilty to being a felon in possession of a firearm, and, on March 18, 2021, he was sentenced to 87 months in prison.[1]  On appeal, Defendant's lawyer filed an brief under *Anders v. California*.[2]  The Eighth Circuit dismissed the appeal after independently review[ing] the record" and "find[ing] no nonfrivolous issues for appeal."[3]

In the pending motion, Defendant asserts that: (1) it is not clear from the record which guideline range was used; (2) he would not have pleaded guilty had he known he would not get "promised jail credits"; (3) ineffective assistance of appellate counsel for failing to "address on appeal [the] issue related to the suppression hearing that [he] never had"; and (4) violation of due process by considering a prior conviction when imposing the sentence.[4]

---

[1]  Doc. Nos. 84, 85.

[2]  386 U.S. 738 (1967).

[3]  Doc. No. 97.

[4]  Doc. No. 1.

## II.   DISCUSSION

### A.   Guideline Range

Defendant asserts that it is not clear from the record which guideline range the court used. To the contrary, the Court specifically said, "the guideline range is 70 to 87 months."[5]

### B.   Jail Credits

Defendant asserts that he would not have pleaded guilty had he known he would not get "promised jail credits." This assertion is not supported by the record. At the plea hearing, the Court asked Defendant, "Have any promises been made to you to get you to plead guilty?" Defendant responded "No, sir."[6] Additionally, at sentencing, the Court discussed this issue and concluded that Defendant had been serving time for a parole violation and that the BOP was responsible for making a credit computation.[7] At no point did Defendant say that he wanted to withdraw his guilty plea based on the time credits. Furthermore, to the extent that Defendant is complaining about his sentence computation, this is not a valid claim under § 2255.[8]

### C.   Ineffective Assistance

Defendant asserts a claim for ineffective assistance of appellate counsel for failing to "address on appeal [the] issue related to the suppression hearing that [he] never had." However, "[a] valid guilty plea . . . waives all suppression issues not expressly reserved by a conditional plea . . . and waives a defendant's independent claims relating to the deprivation of constitutional rights that occurred prior to pleading guilty."[9] A lawyer's failure to raise frivolous arguments cannot support an ineffective assistance claim.[10]

### D.   Due Process Violation

---

[5]   Doc. No. 92 at p. 7.

[6]   Doc. No. 91 at p. 10.

[7]   Doc. No. 92 at pp. 8-17.

[8]   *Bell v. United States*, 48 F.3d 1042, 1043 (8th Cir.1995) (A claim attacking the execution of a sentence is not cognizable under § 2255 but is properly raised in a § 2241 petition in the district of confinement.).

[9]   *United States v. Pierre*, 870 F.3d 845, 848 (8th Cir. 2017) (internal citations and quotation omitted).

[10]   *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

Defendant asserts a violation of due process because the Court considered prior convictions when imposing the sentence. First, this was not a due process violation. Second, the Eighth Circuit already ruled that there was no error at sentencing. Third, when "a due process claim is predicated on the consideration at sentencing of a fully expired prior conviction" relief is not available under § 2255.[11][12]

## CONCLUSION

For the reasons set out above, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 103) is DENIED.

IT IS SO ORDERED this 24th day of October, 2022.

_____
UNITED STATES DISTRICT JUDGE

---

[11] *Daniels v. United States*, 532 U.S. 374, 383 (2001).

[12] See *Rehaif*, 139 S. Ct. at 2198 (doubting that the obligation to prove a defendant's knowledge of his status will be burdensome because knowledge can be inferred from circumstantial evidence).