IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                       4:18-CR-00674-02-JM

KRISTOPHER MITCHELL

## ORDER

Defendant's third motion for clarification (Doc. No. 134) is DENIED.

First, Defendant's jail-credit argument relates to how his sentence is being executed and must be pursued in a § 2241 habeas petition.[1] Second, Defendant's complaint about the constitutionally of § 922(g) as applied to him must be pursued under § 2255. Since Defendant previously filed a § 2255 habeas petition, he must first receive leave from the Eighth Circuit Court of Appeals before he can pursue relief on this issue.[2] Notably, the Eighth Circuit Court of Appeals has already rejected the merits of Defendant's argument.[3] Furthermore, Defendant has felony convictions for second-degree battery and aggravated assault.

IT IS SO ORDERED this 24th day of May, 2024.

_____
UNITED STATES DISTRICT JUDGE

---

[1] *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009) ("[A] claim attacking the execution of that sentence should be brought in a § 2241 petition in the jurisdiction of incarceration.").

[2] As amended in April 1996 by the Antiterrorism and Effective Death Penalty Act, § 2255 requires that all successive § 2255 motions be certified by the appropriate court of appeals before they are considered by the district courts. See *Boykin v. U.S.*, 242 F.3d 373 (8th Cir. 2000).

[3] *United States v. Jackson*, 69 F.4th 495, 501 (8th Cir. 2023) (holding "that the district court was correct that § 922(g)(1) is not unconstitutional as applied to" a defendant with non-violent felony drug convictions).